Rose M. ADKINS, et al., and Bobby Adkins, et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

Nos. 313–77, 363–80 C.

United States Claims Court.

Feb. 14, 1989.

Kevin M. Grile, Northfield, Ill., atty. of record, for plaintiffs.

Jane W. Vanneman, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant. Major Richard Hipple, Dept. of the Air Force, and Captain Sverre M. Olsen, Jr., Aerospace Guidance and Metrology Center, of counsel.

ORDER OF PARTIAL DISMISSAL

HORN, Judge.

On November 17, 1986, proceedings in this consolidated case, *Rose M. Adkins, et al.* and *Bobby W. Adkins, et al.*, Nos., 313–77 and 363–80C, were suspended pending the decision by the United States Court

of Appeals for the Federal Circuit in *Harris v. United States*, 841 F.2d 1097 (Fed. Cir.1988). After considering numerous motions by the plaintiffs to continue the suspension of proceedings in this case and by the defendant to lift the suspension, the court lifted the suspension on August 12, 1988.

On August 4, 1988, plaintiffs' counsel, Kevin M. Grile, filed a "Motion for Leave to Withdraw as Attorney of Record for Certain Plaintiffs." In his motion, counsel informed the court that he had attempted to contact all plaintiffs in order to apprise them of his assessment of the status of their claims as a result of the Federal Circuit's decision in *Harris*. Plaintiffs' counsel also attempted to obtain express consent or denial from each plaintiff to a voluntary withdrawal of his/her law suit. Although many of the plaintiffs agreed to withdraw their claims, certain others either had died, could not be located, failed to respond to counsel's correspondence or had expressly refused to consent to dismissal. It was apparent to the court that, as a result of *Harris*, Mr. Grile and the labor organization which he represents, had changed their assessment of the strength of the claims included in the instant action.

At a status conference held on September 15, 1988, based on the information offered by both counsel, the court determined that it could not yet rule as to whether dismissal of a particular plaintiff's case was appropriate. The court, therefore, inquired of counsel as to the proper method of determining the status of the individual claims of each plaintiff. In response to the court's inquiry, the plaintiffs' attorney suggested that he prepare a chart with each plaintiff listed in the left column and a succeeding column indicating the dates of the claims still pending before the court. Subsequently, on September 19, 1988, due to plaintiffs' counsel's filing of the "Motion to Withdraw as Attorney of Record for Certain Plaintiffs," and in order to resolve the status of each plaintiff's claim as a result of *Harris v. United States*, this court ordered the submission of a chart to include at least the following information with respect to each plaintiff: (1) name of plaintiff; (2) type of claim; (3) hiring date; (4) date of termination or death; and (5) applicable date of collective bargaining agreements. In addition, the court scheduled oral argument for October 24, 1988, on the applicability of *Harris* to the instant claims.

On September 26, 1988, before the date scheduled for the oral argument, the parties filed a "Joint Stipulation of Partial Dismissal." Citing *Harris v. United States*, referred to earlier, the parties requested the partial dismissal of all claims governed by *Harris*. However, the parties failed to identify any of the 393 plaintiffs whose claims they believed should be dismissed by name or plaintiff number. Furthermore, as previously noted, the discussions at the September 15 status conference did not sufficiently reveal which claims, if any, should survive dismissal based on *Harris*. The only information before the court at that time, which tried to separate plaintiffs' claims was included in plaintiffs' counsel's "Motion for Leave to Withdraw as Attorney of Record for Certain Plaintiffs," filed with the court on August 4, 1988. This information, however, did not sufficiently state all the criteria necessary to determine which cases should be totally dismissed and which cases should survive if the court found that *Harris* was indeed controlling.

Subsequent to this court's order for submission of the chart, a chain of events worth recounting occurred. On October 6, 1988, the parties filed a document entitled:

Joint Motion for an Order Granting the Motion of Plaintiffs' Counsel to Withdraw

and

Joint Motion to Reconsider This Court's Order Requiring the Parties to Prepare a Table of Plaintiffs

and

Joint Motion for an Order Requiring Those Plaintiffs Who Have Not Already Agreed to a Dismissal of Their Claims to Inform Plaintiffs' Counsel, Ninety Days

After This Court Issues an Order, Whether They Wish to Dismiss Their Claims or Proceed in this Action

and

Alternative Joint Motion for an Enlargement of Time Within Which to Prepare the Table of Plaintiffs

and

Joint Motion for Expedited Consideration of These Motions

To accommodate the parties' requests, on October 18, 1988, this court required the submission of a revised table to be submitted on or before December 19, 1988. Once again, at the request of the plaintiffs and the defendant, on December 9, 1988, the court extended the due date for submission of the table by requiring that it be submitted on or before January 9, 1989. In addition, at the request of the plaintiffs and the defendant, the court order of December 9, 1988, also postponed oral argument on the outstanding dispositive motions, then scheduled for December 19, 1988, until January 27, 1989.

On the same day, December 9, 1988, defendant's new attorney, who had filed a notice of appearance as attorney of record for defendant on December 8, 1988, petitioned the Court of Appeals for the Federal Circuit for a Writ of Mandamus and filed a "Motion to Stay Proceedings" in this court. Specifically, the United States petitioned for a writ directing the United States Claims Court to endorse the parties' "Joint Stipulation of Partial Dismissal." *In Re United States on Petition for Writ of Mandamus*, Miscellaneous Docket No. 227 (Fed.Cir. filed December 20, 1988). As a result of defendant's multiple filings, the United States Claims Court issued an order scheduling a status conference to be held on January 17, 1989. Subsequently, on January 9, 1989, the "Joint Table Required by the Court's October 18, 1988 Order" was timely filed in this court.

Prior to the January 17, 1989 status conference, the court, using the "Table of Plaintiffs" finally submitted to the court on January 9, 1989, reviewed the status of each plaintiff individually, and categorized the plaintiffs in accordance with the parties' representations that said individual plaintiff had consented to withdrawal of the law suit, had died, had not responded to plaintiffs' counsel's correspondence, or could not be located. Each plaintiff, within these four categories, was further segregated based on the following criteria: (1) claims which predated the collective bargaining agreement of 1979;[1] and (2) claims which only arose after the execution of the collective bargaining agreements. This enabled the court to identify plaintiffs whose claims the court determined should be entirely or partially dismissed.

At the January 17, 1989 status conference, the court used the "Table of Plaintiffs" and the categories discussed above to consult with the parties to determine which plaintiffs and subcategories would be affected by the pending dispositive motions: Defendant's Motion for Summary Judgment, filed November 29, 1984, Defendant's Motion for Partial Summary Judgment, filed September 11, 1986 and Defendant's Motion to Dismiss the Portions of the Claims of Three Plaintiffs, filed March 15, 1988.

On January 27, 1989, this court held oral argument on Defendant's Motion for Summary Judgment, based on *res judicata*, as a result of an earlier decision in *Bendure v. United States*, 695 F.2d 1383 (Fed.Cir. 1982), *aff'g* Ct.Cl. No. 204–75 (February 5, 1982), filed November 29, 1984. At oral argument, defendant conceded, contrary to the position taken in briefs filed earlier with the court, that *res judicata* does not bar all of the claims of the plaintiffs who have not consented to withdrawal who were also plaintiffs in *Bendure*.

At the January 27, 1989 oral argument, the parties also argued the issue underly-

---

1. All plaintiffs who were covered by the May 3, 1979 agreement and continued to work after its expiration, were also covered by the June 28, 1982 agreement. Furthermore, there was no gap in coverage for the relevant plaintiffs between the expiration of the first agreement and the execution of the second agreement.

ing "Defendant's Motion for Partial Summary Judgment," filed September 11, 1986 and Defendant's "Motion to Dismiss Portions of the Claims of Three Plaintiffs," filed March 15, 1988. Both motions raise the issue whether the enactment of the Civil Service Reform Act of 1978, Pub.L. No. 95–454, 92 Stat. 1111, which includes 5 U.S.C. § 7121(a) (1982),[2] impliedly repealed this court's jurisdiction to hear claims for environmental differential pay which arose after the creation of a collective bargaining agreement between the parties. The court finds that *Harris v. United States,* 841 F.2d 1097 (Fed.Cir.1988) does, indeed, directly address this issue.

In *Harris,* the plaintiff was a wage board employee working at the Central Heating and Cooling Plant at Fort Gordon, Georgia, an army facility. Mr. Harris sought environmental differential pay for exposure to excessive concentration of airborne asbestos while working at the army facility. Mr. Harris, like the plaintiffs in the instant action, was subject to a collective bargaining agreement with the American Federation of Government Employees making the local unit of the AFGE the exclusive bargaining agent for all eligible employees.

In *Harris v. United States,* 841 F.2d 1097 (Fed.Cir.1988) the United States Court of Appeals for the Federal Circuit held that the Civil Service Reform Act of 1978 repealed the jurisdiction of the United States District Court, under the "Little Tucker Act," 28 U.S.C. § 1346(a)(2) (1982), to review claims for environmental differential pay by prevailing wage employees covered by negotiated collective bargaining and grievance procedures. The Court of Appeals for the Federal Circuit relied, in part,

**2.** *This statute states, "... any collective bargaining agreement shall provide procedures for the settlement of grievances, including questions of arbitrability.... [T]he procedures shall be the exclusive procedures for resolving grievances which fall within its coverage."* 5 U.S.C. § 7121(a) (1982).

**3.** Notwithstanding the partial dismissal, all of the plaintiffs listed in this order have surviving claims for environmental differential pay which pre-date May 3, 1979. In addition, the following 12 plaintiffs, who are not included in the

on *United States v. Fausto,* 484 U.S. 439, 108 S.Ct. 668, 98 L.Ed.2d 830 (1988) for the proposition that the presumption against repeals by implication can be overcome where the congressional intent is to replace one remedy with another. *Harris v. United States,* 841 F.2d at 1100. Aside from the fact that *Harris,* was adjudicated in the United States District Court, under the "Little Tucker Act," as opposed to the United States Claims Court, under 28 U.S.C. § 1491 (1982), *Harris* is directly on point. In accordance with *Harris,* this court holds that the grievance and arbitration procedures set forth under the collective bargaining agreements of May 3, 1979 and June 28, 1982, constitute the exclusive procedures for resolving claims for environmental differential pay of plaintiffs covered by the collective bargaining agreements because this court's jurisdiction to hear such claims was implicitly repealed by the enactment of the Civil Service Reform Act of 1978 and the execution of the collective bargaining agreement of May 3, 1979.

On February 3, 1989, plaintiffs' counsel filed a "Motion to Amend Joint Table filed January 9, 1989." The amendments to the table, correct errors discovered by plaintiffs' counsel since the filing of the "Joint Table Required by the Court's October 18, 1988 Order", filed January 9, 1989.

Based on the information provided to the court by the parties respecting each of the plaintiffs in this action, it is, hereby, ORDERED that the claims of the 65 plaintiffs below, based on the performance of bargaining unit work, *i.e.,* work covered by a collective bargaining agreement, on or after May 3, 1979,[3] be dismissed with prejudice:

order of partial dismissal because they have no claims after May 3, 1979, continue to have claims for time periods before May 3, 1979:
Bernard J. Baker, Jr. (19)
Jeremiah Blackburn (44)
William L. Crook (128)
Delores J. Gibson (218)
Steven A. McClintock (380), per personal representative, Barbara A. McClintock
John C. McNeish, Jr. (393)
Robert D. Murphy (441)
Robert D. Preist (487)
Nelson D. Tucker (611)

### ORDER OF PARTIAL DISMISSAL

Miriam I. Bachelor (14)[4]

Margie E. Barker (24)

Darlene W. Berger, Exrx. of the estate of Willis P. Berger (35)

Edward A. Block (48)

Gordon D. Conrad (113)

Richard C. Cosner (120)

John W. Dunlap (162)

James E. Finck (178)

Willard B. Fink (179)

Edwin N. Forgey (187)

Mary C. Fortner (188)

Thomas E. Gibson, Jr. (220)

Daniel L. Hall (245)

Stephen W. Hall (247)

Mary A. Haynes (258)

Gaylord M. Henry (266)

Harold H. Henthorn (270)

John D. Henthorn (271)

Norbert I. Holmes (284)

Jerry O. Imes (294)

Douglas L. Jones (304)

Joe Anna Keller, as sole heir of the estate of Ronald H. Keller (313)

Francis J. Kohl (329)

Albert J. Koklich (330)

Bernardine J. Kotlarchik (333)

Faye R. Lewis (360)

Leola E. Lewis (361)

Carolyn E. Lippis (364)

Raymond A. Lucas (375)

John C. McNeish, Sr. (394)

Patrick D. Magers (396)

Charles D. Mayle (406)

Lena M. Mills (424)

Charles W. Mitchell (426)

Hazel J. Morgan (434)

Larry L. Morgan (435)

Duane J. Neighbors (443)

Karen S. Oliver (458)

Paul D. Osborn (460)

William L. Pennington (470)

Frank A. Percoco (472)

Richard M. Roberts (509)

Ruth A. Robinson (510)

Robert J. Sabo (519)

Edward R. Schaal (525)

Donald R. Shannon, Jr. (540)

Paul B. Shaw (541)

David L. Shoemaker (548)

Kenneth E. Shoemaker (549)

Walter Siembieda (552)

David G. Smith (565)

Mark J. Stewart (585)

Shirley A. Swick (596)

Lorin F. Walcott, Jr. (620)

Guster L. Watson (627)

James E. Watson (628)

Herman A. Weber (633)

Patricia L. Weber (636)

Robert L. Weigand (639)

Douglas R. Wilkin (655)

Sue E. Williams (665)

Lee E. Wilson (671)

Wiley D. Wilson (673)

Marjorie Workman, Admx. of the estate of James E. Workman (679)

Donald J. Zinni (689)

No costs.

IT IS SO ORDERED.

Lamar A. Vaubel (615), per personal representative, Mary V. Vaubel

George Hall (BA 8)

Ellsworth D. Riegal (BA 14)

4. The number following each plaintiff's name refers to either the number preceding plaintiff's name in the petition in *Rose M. Adkins et al. v. United States,* No. 313–77 or, where a *"BA"* precedes the number, the number preceding plaintiff's name in the petition in *Bobby W. Adkins et al. v. United States,* No. 363–80C.